IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
PECOS DIVISION

| | | |
|---|---|---|
| JOSE MARTIN GAMINO, Individually; JUAN MORALES OCHOA, JOHN MORALES, and KEVIN MORALES Under the Texas Wrongful Death Act and as Heirs at Law to the ESTATE OF MARIA del CARMEN FIERRO MORALES, Deceased; and JOSE MARTIN GAMINO and JAIME FIERRO GAMINO Under the Texas Wrongful Death Act and as Heirs at Law to the ESTATE OF MARIA LUISA GAMINO, Deceased; | § § § § § § § § § § § § § § § § § § § § § § | Civil Action No. 4:23-12 |
| Plaintiffs | | |
| VS. | | |
| COOPER TIRE & RUBBER COMPANY | | |
| Defendant | | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

NOW COME JOSE MARTIN GAMINO, Individually; JUAN MORALES OCHOA, JOHN MORALES, and KEVIN MORALES Under the Texas Wrongful Death Act and as Heirs at Law to the Estate of MARIA del CARMEN FIERRO MORALES, Deceased; JOSE MARTIN GAMINO and JAIME FIERRO GAMINO Under the Texas Wrongful Death Act and as Heirs at Law to the Estate of MARIA LUISA GAMINO, Deceased, Plaintiffs, and for cause of action would respectfully show the following:

**I. THE PARTIES**

**A.    PLAINTIFF**

1.      Plaintiff, JOSE MARTIN GAMINO, is a citizen of the United States, and specifically, a citizen of the State of California, residing in San Diego, California.  JOSE MARTIN GAMINO brings suit herein in his individual capacity for his personal injuries and as a wrongful death beneficiary to the estate of his mother, MARIA LUISA GAMINO, Deceased.

2.      Plaintiff, JUAN MORALES OCHOA, is a citizen of the United States, and specifically, a citizen of the State of California, residing in San Diego, California.  JUAN MORALES OCHOA brings suit herein as a wrongful death beneficiary of his wife, MARIA DEL CARMEN FIERRO de MORALES, Deceased and in his capacity as Representative of her Estate.

3.      Plaintiff, JUAN MORALES, is a citizen of the United States, and specifically, a citizen of the State of California, residing in San Diego, California.  JUAN MORALES brings suit herein as a wrongful death beneficiary of his mother, MARIA DEL CARMEN FIERRO de MORALES, Deceased.

4.      Plaintiff, KEVIN MORALES, is a citizen of the United States, and specifically, a citizen of the State of California, residing in Los Angeles, California.  KEVIN MORALES brings suit herein as a wrongful death beneficiary of his mother, MARIA DEL CARMEN FIERRO de MORALES, Deceased.

5.      Plaintiff, JAIME FIERRO GAMINO, is a citizen of the United States, and specifically, a citizen of the State of California, residing in San Diego, California.  JAIME FIERRO GAMINO brings suit herein as a wrongful death beneficiary of his mother, MARIA LUISA GAMINO, Deceased and in his capacity as Representative of her Estate.

B.    DEFENDANT

6.      Defendant, COOPER TIRE & RUBBER COMPANY (hereinafter, COOPER TIRE or COOPER) is a foreign for-profit corporation incorporated in the state of Delaware and with address of 701 Lima Avenue, Findlay, OH 45840.  Defendant may be served

with process by serving its agent for service who is Corporation Service Company dba CSC-Lawyers Incorporating Service Company, 211 E. 7ᵗʰ Street, Suite 620, Austin, TX 78701-3136.

## II. Jurisdiction and venue

7.      The Court has jurisdiction over the lawsuit under 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendants are citizens of different U.S. states (California and Ohio), and the amount in controversy exceeds $75,000, excluding interest and costs.

8.      This is a negligence and personal injury cause of action arising out of a motor vehicle collision occurring in Reeves County in the Western District of Texas. Venue is proper in the Western District of Texas pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this Judicial District.

## III. Facts

9.      The vehicle in question refers to a 2005 Jeep Cherokee bearing vehicle identification number (VIN) 1J4GR48K15C721588.

10.      The terms "tire in question" or "subject tire" refers to a Cooper Discoverer tire, size 245/70R17 bearing Department of Transportation (DOT) number UTNH C5U0409.

11.      The tire in question was made at the Texarkana, Arkansas plant in the fourth week of 2009.

12.      This suit arises out of a motor vehicle incident, which occurred on or about April 22, 2021.

13.      On or about April 22, 2021, the Morales and Gamino families were traveling to a wedding in central Texas from San Diego, California.  As they were traveling eastbound on I-20 in Reeves County, the tire in question experienced a tread separation and started to skid, struck an embankment, rolled, and came to rest on the roadway.

14.     As a result of the tire tread separation and subsequent crash, Maria del Carmen Fierro de Morales was killed; Maria Luisa Gamino was killed; and Jose Martin Gamino suffered injuries.

### IV. CAUSE OF ACTION: STRICT LIABILITY
### COOPER TIRE & RUBBER COMPANY ("COOPER TIRE")

15.     Plaintiff incorporates by reference each and all of the allegations contained in paragraphs 1 – 14 of this Complaint as though fully set forth herein.

16.     The subject tire was designed, manufactured, marketed, and placed into the stream of commerce by Cooper Tire in a defective and unreasonably dangerous condition to an extent beyond that which would be contemplated by an ordinary user of the subject tire.  The subject tire was in substantially the same condition at the time of the incident as when it was placed into the stream of commerce.

17.     The subject tire was unreasonably dangerous by virtue of its design and/or manufacturing defects.  Cooper Tire defectively designed, manufactured, and marketed the subject tire, which rendered it unreasonably dangerous for its intended and foreseeable use, and which was the producing and proximate cause of the incident in question, the deaths of Plaintiffs' decedents, Plaintiffs' injuries and damages.  Plaintiffs lacked knowledge of and could not have discovered through the exercise of reasonable care, the defective condition of the subject tire and used the subject tire in the manner and for the purpose intended. Cooper Tire is therefore strictly liable for Plaintiffs' damages as set forth in Restatement Second, Torts §§ 402A and 402B.

18.     At the time the subject tire was manufactured, there existed safer alternative designs, described below, that would have prevented or significantly reduced the risks of Plaintiffs' injuries.  Such alternative designs, including, but not limited to, those described herein, were both reasonable and economically and technologically feasible at

the time the subject tire left Cooper Tire's control through the application of then-existing, achievable scientific knowledge.

19.     The subject tire's failure occurred within the projected manufactured life of the subject tire, and Plaintiffs were foreseeable users of the subject tire at the time of the catastrophic tread separation.

20.     For these reasons Cooper Tire is strictly liable to Plaintiffs under applicable product-liability law without regard to or proof of negligence.   However, if it be necessary, Plaintiffs would show the subject tire was designed, manufactured, and marketed in a negligent, and defective manner, and which negligence and defects were a producing and proximate cause of the incident, the deaths to Plaintiffs' decedents, and the injuries and damages to Plaintiffs, and for which Plaintiffs hereby seek recovery.

### V. CAUSE OF ACTION: NEGLIGENCE
### COOPER TIRE & RUBBER COMPANY ("COOPER TIRE")

21.     Plaintiffs incorporate by reference each and all of the allegations contained in paragraphs 1 – 20 of this Complaint as though fully set forth herein.

22.     This incident, Plaintiffs' decedents' deaths, Plaintiffs' serious injuries and Plaintiffs' damages were proximately caused by Cooper Tire's negligent acts in designing, manufacturing, marketing, and/or selling the subject tire as described more thoroughly herein.

23.     Among other acts of negligence, Defendant Cooper Tire was negligent in:

    a.      Failing to adequately design the subject tire;

    b.      Failing to adequately test the subject tire;

    c.      Failing to manufacture the subject tire to its specifications;

    d.      Failing to institute, execute, and maintain adequate quality control and quality assurance processes and procedures;

e.      Manufacturing the subject tire with contaminants in its components;

f.      Failing to inspect the subject tire for latent defects in its manufacture;

g.      Negligently hiring, training, and supervising Cooper Tire workers who manufactured the subject tire;

h.      Failing to design and manufacture the subject tire to outlast its tread life;

i.      Failing to adequately collect and analyze loss adjustment data, warranty data, claims, and lawsuits that may reveal that the subject tire models perform more poorly than other tire lines that incorporate safety features or safer alternative designs not present in the subject tire, and

j.      Failing to provide adequate warnings and instructions for safe use of the product.

24.      Each and all of the above foregoing acts of omission and/or commission constituted negligence and were a proximate cause of the deaths to Plaintiffs' decedents, and the injuries and damages to Plaintiffs and for which Plaintiffs now seek recovery.

## VI.   DAMAGES

25.      Plaintiffs incorporate by reference each and all of the allegations contained in Paragraphs 1 through 24 of this Complaint as though fully set forth herein.

26.      Nearly all of the elements of damages for personal injury are unliquidated and, therefore, not subject to precise computation. Plaintiffs seek to recover damages in amounts the jury finds the evidence supports and the jury finds to be appropriate under all of the circumstances.

### A.  Jose Martin Gamino – Personal Injuries and Bystander Claim

27.      As a result of the incident in question, Jose Martin Gamino was seriously injured and suffered severe, permanent, and disabling injuries.

28.     As a result of the incident in question, Jose Martin Gamino suffered physical pain and mental anguish, both past and future.

29.     As a result of the incident in question, Jose Martin Gamino suffered loss of earning capacity, both past and future.

30.     As a result of the incident in question, Jose Martin Gamino suffered disfigurement, both past and future.

31.     As a result of the incident in question, Jose Martin Gamino suffered impairment, both past and future.

32.     As a result of the incident in question, Jose Martin Gamino has incurred medical care expenses, and in reasonable probability, will incur medical care expenses in the future.

33.     As a result of the incident in question, Jose Martin Gamino would show he is entitled to recover pursuant to the Bystander Recovery Doctrine as that cause of action is understood and applied under law.  Plaintiff Jose Martin Gamino was present at the scene of the incident and directly experienced, witnessed, and perceived the injuries and suffering of his mother and sister.  Actually witnessing such trauma caused Plaintiff Jose Martin Gamino to suffer mental anguish, trauma, shock, and distress, both physical and emotional, past and future.

B.  Estate of Maria del Carmen Fierro de Morales, Deceased

34.     As a direct and proximate result of the foregoing events, Maria del Carmen Fierro de Morales died.  Accordingly, the Estate of Maria del Carmen Fierro de Morales is entitled to an award of damages including but not limited to the pain and mental anguish she suffered; medical expenses for the treatment of injuries she sustained, and funeral and burial expenses suitable to her station in life.

### C. Juan Morales Ochoa – Wrongful Death of Spouse (Maria del Carmen Fierro de Morales)

35.     Plaintiff Juan Morales Ochoa is the surviving spouse of Maria del Carmen Fierro de Morales, Deceased.  Plaintiff Juan Morales Ochoa had a close social relationship with a significant relational bond that has been permanently damaged and lost as a result of Cooper Tire's actions.  As a result of the incident made the basis of this suit, Plaintiff Juan Morales Ochoa has lost love, support, and companionship of his wife.  Plaintiff Juan Morales Ochoa is entitled to damages against Cooper Tire for loss of consortium.  He brings a claim individually for loss of consortium as a result of the death of his wife, Maria del Carmen Fierro de Morales, Deceased.

36.     As a result of the incident in question and the death of his wife, Juan Morales Ochoa has suffered pecuniary loss - past and future,  loss of companionship and society – past and future, and mental anguish – past and future.

### D. John Morales and Kevin Morales – Wrongful death of parent

37.     John Morales and Kevin Morales are the surviving adult children of Maria del Carmen Fierro de Morales, Deceased.  John Morales and Kevin Morales had a close social relationship with a significant relational bond that has been permanently damaged and lost as a result of Cooper Tire's actions.  As a result of the incident made the basis of this suit, John Morales and Kevin Morales have lost love, support, and companionship of their mother, for which they bring suit.

38.     As a result of the incident in question and the death of their mother, John Morales and Kevin Morales have suffered pecuniary loss - past and future,  loss of companionship and society – past and future, and mental anguish – past and future.

### E.  Estate of Maria Luisa Gamino, Deceased

39. As a direct and proximate result of the foregoing events, Maria Luisa Gamino died.  Accordingly, the Estate of Maria Luisa Gamino is entitled to an award of damages including but not limited to the pain and mental anguish she suffered; medical expenses for the treatment of injuries she sustained, and funeral and burial expenses suitable to her station in life.

### F.  Jose Martin Gamino and Jaime Fierro Gamino – Wrongful Death of parent

40.     Jose Martin Gamino and Jaime Fierro Gamino are the surviving adult children of Maria Luisa Gamino, Deceased.  Jose Martin Gamino and Jaime Fierro Gamino had a close social relationship with a significant relational bond that has been permanently damaged and lost as a result of Cooper Tire's actions.  As a result of the incident made the basis of this suit, Jose Martin Gamino and Jaime Fierro Gamino have lost love, support, and companionship of their mother, for which they bring suit.

41.     As a result of the incident in question and the death of their mother, Jose Martin Gamino and Jaime Fierro Gamino have suffered pecuniary loss - past and future, loss of companionship and society – past and future, and mental anguish – past and future.

### VII.        PRE-JUDGMENT AND POST-JUDGMENT INTEREST

42.     Plaintiffs incorporate by reference each and all of the allegations contained in Paragraphs 1 through 41 of this Complaint as though fully set forth herein.

43.     Plaintiffs seek pre-judgment and post-judgment interest as allowed by law.

### VIII.   JURY DEMAND

44.     Plaintiffs request a trial by jury for all issues of fact.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray Defendant be cited to appear and answer herein, that this cause be set down for trial before a jury, and that Plaintiffs recover judgment of and from the Defendant for Plaintiffs' actual damages, in such amount as the evidence may show and the jury may determine to be proper, together with the prejudgment interest, post-judgment interest, costs of suit, and such other and further relief to which Plaintiffs may show themselves to be justly entitled.

Respectfully submitted,

By: _/s/ Reagan Sahadi_
    R. Reagan Sahadi
    State Bar Number 24042369
    Federal Bar Number 634434
    **SAHADI LEGAL GROUP**
    414 S. Tancahua Street
    Corpus Christi, TX 78401
    E-mail: rsahadi@sahadilegal.com
    e-filing@sahadilegal.com
    Telephone: 361-760-3300

    **ATTORNEYS FOR PLAINTIFFS**